UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LARSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY SHERIFF'S MEDICAL STAFF, ET AL.,<br><br>    Defendants. | No. 2:17-cv-2337 KJN P<br><br>ORDER |

Plaintiff is a former county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

<u>Discussion</u>

The court has reviewed the amended complaint pursuant to § 1915A and finds it must be dismissed with leave to amend because the claims asserted in the amended complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). This action proceeds on plaintiff's claims that certain medical staff members at the Butte County Jail were deliberately indifferent to plaintiff's serious medical needs regarding care and treatment for his shoulder. Plaintiff's amended complaint attempts to add wholly unrelated claims; for example, he alleges that a tower guard failed to protect plaintiff. Plaintiff is advised that all claims unrelated to the medical care of his shoulder injury must be raised in a separate action, unless the unrelated incident is raised against a defendant involved in the care of plaintiff's shoulder.

2

Plaintiff is advised of the following governing standards for such medical claims:

"Inmates who sue [jail] officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, 832 (2017). The Ninth Circuit cited Bell v. Wolfish, 441 U.S. 520, 535 (1979), which held that, "under the Due Process Clause, a detainee may not be punished prior to conviction." Castro, 833 F.3d at 1068. "Under both clauses, the plaintiff must show that the prison [or jail] officials acted with 'deliberate indifference.'" Id.

The Ninth Circuit has held that medical claims for pretrial detainees against individual defendants are elevated under the Fourteenth Amendment by an objective, not subjective, deliberate indifference standard. Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. April 30, 2018). The elements of a pretrial detainee's medical care under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Id. at 1125. Plaintiff's claims are governed by a two-part analysis that requires plaintiff to identify the intentional decision or conduct which put plaintiff at substantial risk of serious harm, and evaluates each defendant's response to that harm through an objective, rather than subjective, lens.

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro, 833 F.3d at 1071 (citing Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (citing Daniels, 474 U.S. at 330-31).

////

V. Leave to Amend

Therefore, plaintiff's amended complaint is dismissed. The court, however, grants leave to file a second amended complaint that raises only his medical claims concerning the treatment of his shoulder. Plaintiff must raise his other claims in separate civil rights actions.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1] See Fed. R. Civ. P. 20(a)(2).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: November 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lars2337.14am